IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00289-LTB-CBS

MURPHY STEPHEN'S [sic] WAMALA,
    Applicant,
v.

ALBERTO R. GONZALES,
    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Respondent's Motion to Dismiss (filed May 30, 2007) (doc. # 29). Pursuant to the Order of Reference dated April 4, 2007 (doc. # 17) and the memorandum dated June 5, 2007 (doc. # 31), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

At the time Mr. Wamala filed his "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Petition"), he was in the custody of U.S. Immigration and Customs Enforcement ("ICE") pending removal from the United States. (*See* Petition (doc. # 5)). Mr. Wamala was taken into ICE custody on November 16, 2005 and was ordered removed on May 10, 2006. Through counsel, Mr. Wamala vacated his appeal of the removal decision. (*See id.* at ¶ 8). Mr. Wamala filed the instant Petition on or about February 5, 2007. On April 10, 2007, Mr. Wamala was released

with terms and conditions to a residential treatment program in Durham, North Carolina. (*See* Declaration of Alejandro Almeida (doc. # 29-2) at ¶¶ 11, 12; Release Notification, Order of Supervision, Order of Supervision-Addendum (doc. # 29-3) at pp. 3, 5, 7-9 of 9).

On May 30, 2007, Respondent moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Petition as moot because Mr. Wamala had been released. Mr. Wamala's response to Respondent's Motion was due on June 25, 2007. (*See* Minute Order (doc. # 30)). On June 19, 2007, the court granted Mr. Wamala's request for an extension of time to July 31, 2007 to file his response to Respondent's Motion. (*See* Order (doc. # 34)). On July 25, 2007, the court granted Mr. Wamala's request for an additional extension of time to September 30, 2007 to file his response to Respondent's Motion. (*See* Minute Order (doc. # 39)). As of this date, more than four months after the filing of the Motion to Dismiss, Mr. Wamala has not filed a response to the Motion.

II.     Standard of Review

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

> This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true. Further, it is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

> relief. Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.

*Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).  *See also Hunt v. Uphoff,* 199 F.3d 1220, 1223 (10th Cir. 1999) (in determining whether dismissal is proper, the court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff) (citation omitted).  The court must liberally construe the allegations of a pro se complaint.  *Hunt,* 199 F.3d at 1223 (citation omitted).

III.   Analysis

Mr. Wamala alleged in the Petition that his continued detention by ICE violated his Fifth Amendment right to due process.  (*See* Petition (doc. # 5) at p. 4 of 23).  As relief, Mr. Wamala sought "to be released under reasonable condition [sic]."  (*See id.* at p. 6 of 23).  Mr. Wamala has since received the relief sought in the Petition, release from his continued detention.  (*See* Petition (doc. # 5) at p. 6 of 23).   Mr. Wamala has not presented any argument to the contrary.  The Petition has been rendered moot by Mr. Wamala's release.

Accordingly,

IT IS RECOMMENDED that Respondent's Motion to Dismiss (filed  May 30, 2007) (doc. # 29) be GRANTED and that this civil action be DISMISSED as moot.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions

of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 9th day of October, 2007.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge